JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-311 JVS (ANx) | Date | April 15, 2010 |
|---|---|---|---|

| Title | James v. America's Servicing Company |
|---|---|

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)   Order Remanding Action to Superior Court for the State of California

On April 1, 2010, the Court ordered Deutsche Bank National Trust Company ("Deutsche Bank") to show cause why the matter should not be remanded to the Superior Court for the State of California, County of Orange for want of jurisdiction. (Docket No. 9.)

Defendant Deutsche Bank removed the instant action on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal, ¶ 1.) Purportedly, the plaintiff asserted claims under 15 U.S.C. § 1639(a) and 1640(e). (Id.) However, the Complaint itself makes no reference to these federal statutes or any other. Rather, plaintiff Diane Elizabeth James ("James") simply asserts a claim for specific performance.

James seeks to compel specific performance of a Forbearance Agreement. This contract-based claim does not implicate federal law either expressly or impliedly. Deutsche Bank's assertion that there is supplemental jurisdiction under 28 U.S.C. § 1367depends on allegations in the First Amended Complaint in James' earlier action. (Deutsche Bank's Response, pp. 3-4.) However, the language of the statute makes plain that there must be a claim giving rise to federal jurisdiction in the action at hand before any supplemental claims may be found to "relate[] to claims in the action within such original jurisdiction." The Court declines to read into the present Complaint the federal claims which James advanced in her earlier action. (Notice of Removal, ¶ 5.) Deutsche Bank offers no case law which would compel such a result. Indeed, in the sole case which Deutsche Bank cites on this point, Baer v. First Options of Chicago, Inc., 72 F.3d

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 10-311 JVS (ANx)                                    Date  April 15, 2010

Title  James v. America's Servicing Company

1294, 1301 (7th Cir. 1995), the predicate federal claim was in <u>the</u> <u>same</u> <u>action</u>.

The other considerations advanced by Deutsche Bank are irrelevant where no jurisdiction exists in the first place. (Deutsche Bank Response, pp. 4-7.)

The case is ordered remanded to the Superior Court for the State of California, County of Orange for want of jurisdiction.

                                                                    00  :  00
                                        Initials of Preparer     kjt